# Supreme Court of Texas

No. 22-0191

Alliance Auto Auction of Dallas, Inc.,
*Petitioner*,

v.

Lone Star Cleburne Autoplex, Inc.,
*Respondent*

On Petition for Review from the
Court of Appeals for the Tenth District of Texas

**PER CURIAM**

Lone Star Cleburne Autoplex filed this suit asserting that Alliance Auto Auctions of Dallas conspired with two of Lone Star's employees to embezzle money from Lone Star. Alliance moved to stay the suit and compel arbitration, relying on arbitration clauses contained in authorization agreements between Lone Star and AuctionACCESS, a company Alliance used to verify and authorize car dealerships to buy and sell in Alliance's auctions. Alliance asserted that it can enforce the arbitration clauses as a third-party beneficiary of those agreements. Lone Star opposed the motion, contending its claims fall outside the scope of the arbitration agreement.

The arbitration agreement is set forth in the terms and conditions incorporated into the authorization agreements. It requires that any controversy or claim related to the authorization agreements be resolved by binding arbitration "under the rules of the alternative dispute resolution (ADR) firm selected by the parties. If the parties are unable to agree to an ADR firm, the mediation/arbitration will be conducted under the rules and supervision of the American Arbitration Association (AAA)." The terms and conditions also include a clause designating any auction company that utilizes AuctionACCESS's system (such as Alliance) as a third-party beneficiary of the agreement, permitting Alliance, "[a]t [its] election, and in [its] sole discretion, . . . to avail itself of any provision or protection in this Agreement."

The trial court denied Alliance's motion to compel arbitration, and the court of appeals affirmed. ___ S.W.3d ___, 2022 WL 229511, at *1 (Tex. App.—Waco Jan. 26, 2022). Alliance argued on appeal that the trial court should not have determined whether Lone Star's claims are subject to arbitration because the parties agreed that the arbitration would be conducted under the AAA rules, and those rules delegate such arbitrability issues to the arbitrator. The court of appeals did not address that argument, instead holding that the "question of whether a case should be sent to arbitration is a gateway issue that courts must decide at the outset of litigation." *Id.*

After Alliance filed its petition for review in this Court, we issued our decision in *TotalEnergies E&P USA, Inc. v. MP Gulf of Mexico, LLC*, 667 S.W.3d 694 (Tex. 2023). Contrary to the court of appeals' broad holding here, we held in *TotalEnergies* that, "as a general rule, an

2

agreement to arbitrate in accordance with the AAA or similar rules constitutes a clear and unmistakable agreement that the arbitrator must decide whether the parties' disputes must be resolved through arbitration." *Id.* at 708. Moreover, "the fact that the parties' arbitration agreement may cover only some disputes while carving out others does not affect the fact that the delegation agreement clearly and unmistakably requires the arbitrator to decide whether the present disputes must be resolved through arbitration." *Id.* at 719. In light of our holdings in *TotalEnergies*, the court of appeals' holding in this case— that arbitrability is always a "gateway issue that courts must decide at the outset of litigation"—is incorrect.

Lone Star contends, however, that at least two features of this arbitration agreement distinguish it from the agreement we addressed in *TotalEnergies* and prevent this case from falling within the general rule we announced there. Specifically, Lone Star notes that (1) the parties here agreed to arbitrate under the AAA rules only if they are unable to agree on a different ADR firm and (2) Alliance is not a party to the arbitration agreement but is instead a third-party beneficiary that may, or may not, elect to invoke the arbitration agreement. Lone Star contends that these unique provisions prevent the agreement from "clearly and unmistakably" delegating arbitrability issues to the arbitrator.

As noted, the court of appeals decided this case without addressing these arguments based on a broad rule that we later rejected in *TotalEnergies*. Accordingly, we grant Alliance's petition for review, and, without hearing oral argument, *see* TEX. R. APP. P. 59.1, we reverse

3

the court of appeals' judgment and remand the case to that court to consider Lone Star's arguments, along with any other issues the parties raised that the court did not reach, in light of our holdings in *TotalEnergies*.

**OPINION DELIVERED:** September 1, 2023